**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Inez GARCIA, Defendant–Appellant.**

No. 07–50548.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 3, 2009.

Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Robert F. Conte, Esq., USLA–Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Plaintiff–Appellee.

Thomas V. Johnston, Esq., Encino, CA, for Defendant–Appellant.

Inez Garcia, Pico Rivera, CA, pro se.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Inez Garcia appeals from the 18–month sentence imposed following her guilty-plea conviction for conspiracy to defraud the United States with respect to claims, in violation of 18 U.S.C. § 286. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garcia contends that the district court erred by applying a two-level upward adjustment for her role in the offense, pursuant to U.S.S.G. § 3B1.1(c). We conclude that the district court did not clearly err.

*See United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.2000).

Garcia also contends that the district court erred by treating the Sentencing Guidelines as mandatory, and by imposing a sentence that was greater than necessary to accomplish the purposes of sentencing, as set forth in 18 U.S.C. § 3553(a). The record reflects that the district court understood that the Sentencing Guidelines are advisory, and adequately considered the relevant factors under 18 U.S.C. § 3553(a) in imposing a within-Guidelines range sentence. We conclude that the district court did not procedurally err, and the sentence is substantively reasonable. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *see also United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.